United States Court of Appeals
Fifth Circuit

**F I L E D**

June 4, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50992
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS FERNANDEZ,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-02-CR-350-1-PRM
---------------------

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jesus Fernandez appeals his conviction for the knowing and intentional importation and possession with intent to distribute marijuana. Fernandez argues that the evidence is insufficient to support his conviction. We review a sufficiency challenge to determine "whether any reasonable trier of fact could have found that the evidence established the essential elements of the crime beyond a reasonable doubt." United States v. Ortega Reyna, 148 F.3d 540, 543 (5th Cir. 1998).

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Fernandez contends that the evidence was insufficient to prove beyond a reasonable doubt that he knew that there was marijuana stuffed into the seat of his truck. Fernandez's version of events is that he "was used as an unwilling dupe when he purchased the vehicle." For it to be plausible that Fernandez was innocent because he was unaware of the presence of the drugs in the seat of the truck, it has to be accepted that some unknown person sold him a $700 truck containing $37,000 worth of marijuana. Additionally, this same person allowed Fernandez to cross the border into Mexico with the drugs and did not attempt to retrieve the drugs for three months. It would also have to be accepted that Fernandez did not notice that the seat of the truck was as hard as a bench or that he did notice it and did not investigate. A defendant's inconsistent statements and implausible story constitute sufficient evidence to support the jury's finding of guilty knowledge. United States v. Cano-Guel, 167 F.3d 900, 905 (5th Cir. 1999). The evidence adduced at trial was sufficient to allow a rational jury to find that Fernandez knew of the marijuana in the passenger seat of his truck. United States v. Gutierrez-Farias, 294 F.3d 657, 660-61 (5th Cir. 2002).

**AFFIRMED.**